IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA B. LYONS and ELAINE RUTH LEE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant.<br>_____/ | No. C 10-5166 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br>(Docket No. 52) |

Plaintiffs Laura B. Lyons and Elaine Ruth Lee charge Defendant JPMorgan Chase Bank, N.A., (Chase) in an amended complaint, with violations of California common and statutory law based on fraud, in connection with Option Adjustable Rate Mortgages (OARMs) that it obtained from Washington Mutual Bank. Chase moves to dismiss their complaint. Plaintiffs oppose the motion and Chase has replied to the opposition. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Chase's motion.

BACKGROUND

According to the complaint, on or about March 9, 2005, Lyons obtained an OARM from Washington Mutual. On or about July 21, 2005, Lee obtained an OARM from Washington Mutual. Plaintiffs allege that Washington Mutual knew and fraudulently concealed from borrowers that these were negative amortization loans, in which the scheduled monthly payments would be insufficient to cover the interest owed and thus result in increasing principal balances,

causing the payments to "recast" to higher amounts needed to pay off the principal owed.  They also allege that Washington Mutual concealed the true interest rate that borrowers would pay.

On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver.  Chase purchased Washington Mutual's assets from the FDIC.  On November 15, 2010 Plaintiffs brought their original complaint pleading 1) breach of contract; 2) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, et seq.; and 3) unjust enrichment.  Plaintiffs also sought declaratory relief.  On July 11, 2011, the Court dismissed these claims with leave to amend because it found that the complaint did not allege that Chase had breached any terms of its contract with Plaintiffs.

In their first amended complaint (1AC) filed July 26, 2011, Plaintiffs repeat unamended their claims for breach of contract and violation of the UCL based on "unlawful" business practices to preserve the claims for appeal.  They allege the following claims based on the theory that at the time Chase acquired and serviced these loans, it was aware that they were fraudulently obtained: violations of the UCL based on "unfair" business practices; and unjust enrichment based on fraud.  Again, Plaintiffs seek declaratory relief.

Plaintiffs plead that Chase was aware that the loan agreements were so misleading as to be fraudulent and that after Chase purchased Washington Mutual's OARMs it unjustly enriched itself by collecting payments and loan servicing fees based on an agreement that it knew was fraudulently obtained.

2

Plaintiffs cite several provisions in their loan agreements as evidence of fraud. The Court addressed these provisions in its previous order, and found that the complaint did not allege that Chase had breached any terms of the loan agreement. The Court noted that some of the language therein might be considered confusing and contradictory, potentially supporting a claim for fraud.

As evidence of Chase's knowledge of the alleged fraud, Plaintiffs point to Chase's 2008 annual report to its shareholders in which OARM loans were characterized as "possibly the worst mortgage product" and a product that was not "consumer friendly." 1AC ¶ 5. Plaintiffs also allege that Chase purchased the OARM loans knowing that borrowers were contesting the balances and it continued to collect the payments, rather than correcting the alleged fraud, thus unjustly enriching itself.

As evidence of Chase's participation in securing the allegedly fraudulent loan documents, Plaintiffs assert that in 2005 Chase sent several of its executives with knowledge of the home mortgage business to "infiltrate Washington Mutual". 1AC ¶ 32. Chase also purportedly pressured regulators to tighten their oversight "with an eye towards forcing the collapse or sale of Washington Mutual." 1AC ¶ 33. Finally Plaintiffs plead that Chase purchased Washington Mutual's loans for a small fraction of the amounts claimed to be owed on the loans, and thus are being unjustly enriched from inflated balances caused by the practices alleged above. 1AC ¶¶ 33, 52, 53.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

Chase argues that Plaintiffs' claims must again be dismissed because, insofar as they are predicated on Chase collecting on loans that were allegedly procured by fraud on the part of Washington Mutual, they are barred by the Purchase and Assumption Agreement (P&A agreement). Chase further asserts that the alleged fraudulent conduct by Washington Mutual is the basis for both Plaintiffs' common law unjust enrichment claim and their unfairness claim under the UCL. Even if the P&A Agreement does not bar Plaintiffs' action, Chase argues, Plaintiffs fail to state any of their claims sufficiently.

I.   Claims of Breach of Contract and Violation of UCL Under "Unlawful" Prong

In their opposition to the motion to dismiss, Plaintiffs acknowledge that they included the claims for breach of contract and violation of the "unlawful" prong of the UCL in this complaint only to preserve these claims for appeal.  They fail to address the deficiencies found by the Court and merely reassert the previous dismissed claims.  Accordingly, these claims are dismissed.

II.  Effect of the P&A Agreement

The P&A Agreement between Chase and the FDIC provides,

> [A]ny liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

First Amended Complaint (1AC), Ex. 3 § 2.5.

In its previous order, this Court held that Plaintiffs' claims would not be barred by the P&A agreement only to the extent that they were based on Chase's actions after it acquired the loans from Washington Mutual.  In the 1AC, Plaintiffs make claims for unjust enrichment under the common law and the "unfair" prong of the UCL that are based on the allegation that Washington Mutual

5

committed fraud in the procurement of Plaintiffs' loans and Chase knew of this and continues to benefit from it.

Plaintiffs offer two responses to Chase's assertions that these claims are precluded by the P&A agreement. First, they state that their claims are based on Chase's conduct after it acquired the loans. Second, Plaintiffs argue that because the loans were fraudulently obtained, they were never enforceable, and therefore remain unenforceable after the transfer.

### A. Chase's Post-Acquisition Conduct

Both the unjust enrichment claim and the UCL unfairness claim are based on Chase's post-acquisition conduct in applying Plaintiffs' payments and servicing the loan. Specifically, as in the initial complaint, Plaintiffs allege that Chase engaged in bad faith conduct by failing to apply Plaintiffs' payments to both principal and interest, allowing the interest to increase and the loans to negatively amortize, increasing the principal through negative amortization, charging an interest rate that was not disclosed and collecting profits by servicing these loans.

As noted previously, courts have held that the FDIC, not Chase, is the party responsible for borrowers' claims arising from Washington Mutual's conduct with regard to their loans. See, e.g., Yeomalakis v. FDIC, 562 F.3d 56, 60 (1st Cir. 2009); Hilton v. Wash. Mut. Bank, 2009 WL 3485953, at *2-*3 (N.D. Cal.). This applies even where fraudulent activity is alleged at the inception of the loans. Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 415 (N.D. Cal. 2009) (holding that claims based on fraudulently originated Washington Mutual loans are barred by the P&A Agreement). See also Dipaola v. JPMorgan Chase Bank, 2011 WL

6

3501756, at *3-*4 (N.D. Cal.)(plaintiffs are barred by the P&A agreement from bringing any claims against JPMorgan Chase based on fraud at the origination of the loan).

The conduct on which Plaintiffs base their amended claims is almost identical to the conduct cited in their original claims, a fact which they acknowledge.  The Court held in its previous order that Chase had no obligation to allocate monthly payments to principal and interest.  Those claims were based on the proposition that Chase breached the contract as it existed.  Here, Plaintiffs claim that Chase was aware of fraud committed by Washington Mutual at the inception of the loan but they plead no facts to support such a claim.

### B. Unenforceable Due to Fraud

Plaintiffs also argue that the loans in question were invalid because they were induced by fraud and therefore Chase had no legitimate contracts to enforce.  They argue that Chase knew of the fraud when it purchased Washington Mutual's assets, failed to correct it, and continued to collect payments based on the fraudulently obtained contracts.

In Biggins, the court rejected essentially the same argument as the one that Plaintiffs have made here.  It held that the argument that the contract was invalid due to fraud committed by Washington Mutual was not sufficient to defeat clause 2.5 of the P&A Agreement.  266 F.R.D. at 415.  This Court found in its prior Order that the allocation and collection of the payments is within the bounds of the existing contract between Plaintiffs and Chase. Because there are no allegations of any fraud committed after Chase acquired the loans, in order to find an actionable claim one

7

must look to fraudulent actions which occurred in the formation of the contract. Chase is insulated from claims arising out of Washington Mutual's lending activities by the P&A agreement. See Newbeck v. Washington Mutual Bank, 2010 WL 3222174, at *2 (N.D. Cal.).

Plaintiffs point to footnote four in this Court's previous Order, which acknowledges that the language of the original contract could potentially support a claim for fraud. However, in this same footnote the Court clarified that Chase is not the original lender and is not liable for Washington Mutual's conduct, due to the P&A agreement. The fact that the language might support a charge for fraud against Washington Mutual or its successor in interest, the FDIC, does not support a claim against Chase. Plaintiffs have alleged no fraudulent representations made by Chase after acquisition. Moreover, the comments allegedly written in Chase's 2008 annual report do not support the claim that Chase knew that the loans were fraudulently obtained, nor does Chase's purchase of Washington Mutual's assets for "pennies on the dollar" support such a claim.

Because the common law unjust enrichment claim and the UCL unfairness claim are both based on Chase's culpability for alleged fraud committed by Washington Mutual at the inception of the loans, these claims fail.

III. Declaratory Relief

Plaintiffs seek a declaratory judgment that Chase must cure the defects that Plaintiffs have identified in the terms of their loan agreement. Because Plaintiffs have failed to state their claims adequately, there is no basis for declaratory relief.

8

CONCLUSION

Plaintiffs have failed to cure the deficiencies noted in their initial complaint. The claims plead in the 1AC cannot be raised against Chase because of the P&A Agreement. Accordingly, because Plaintiffs had an opportunity to amend their complaint and did not cure the defects identified by the Court, the motion to dismiss is GRANTED without leave to amend. The Clerk shall close this file. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 11/2/2011

_____
CLAUDIA WILKEN
United States District Judge